IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN D. DAVISTON, Jr.,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 23-CV-220 |
| COMMONWEALTH OF<br>PENNSYLVANIA, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                           JANUARY 27, 2023

Alvin D. Daviston, Jr., a *pro se* litigant who seeks to proceed *in forma pauperis*, filed a pleading with the Court that seeks two distinct forms of relief. Daviston asks for money damages from the Commonwealth of Pennsylvania, Delaware County Assistant District Attorney E. A. Schneider, and Detective John A. Hoffner.[1] But while asking for money damages, Daviston labeled his pleading a "Notice of Removal and Counter Suit," presumably to remove to federal court the criminal charges lodged against him in the Delaware County Court of Common Pleas, *see Commonwealth v. Daviston*, CP-23-CR-368-2021 (C.P. Delaware). He also seeks to have those charges dismissed. Because the attempt at removal is improper, and this Court thus lacks jurisdiction to adjudicate the charges, the criminal case will be remanded; the claims presented in the civil action will be dismissed.

---

[1] Hoffner's name is also spelled as "Hoffman." The Court will use the "Hoffner" spelling.

I.     **FACTUAL ALLEGATIONS**[2]

Daviston claims "civil rights violations" as a basis for this Court's jurisdiction and alleges, that on September 14, 2020, Defendant Hoffner visited him at his home in Chester Township to discuss a private criminal complaint lodged against Daviston by an "'alleged victim' [identified in the pleading by the initials AS] who backed out of a [real estate] agreement without proper notice." (Compl. at 3-4.) According to Daviston, Hoffner expressed reservations about the criminal complaint "because this was a CIVIL matter and should be resolved in CIVIL COURT," as provided in the real estate agreement. (*Id*. at 4 (capitalization in original).) Hoffner never asked for a copy of the paperwork concerning the transaction for the purchase of a property at 1009 Central Avenue in Chester, Pennsylvania. (*Id*. at 5; *see also id*. at 12-15.) Daviston appears to concede that the transaction was structured as a straw purchase by another individual named John Tompkins, Jr. since AS did not have sufficient credit scores or work history to qualify for a mortgage. (*Id*. at 5 & 12.)

Attached to the Complaint is a "Standard Agreement for the Sale of Real Estate" listing John Tompkins, Jr. as the purchaser of the property and Alvin D. Daviston, Jr. as the realtor representing both the buyer and seller. (*Id*. at 12-15.) Daviston also attached a copy of a criminal complaint attested to by Defendant Hoffner naming Daviston as the criminal defendant. (*Id*. at 16-18.) In his Affidavit of Probable Cause, Hoffner averred that, as part of the transaction "JT" – seemingly a reference to Tompkins – wired $20,000 to Daviston's bank account to be placed in escrow. (*Id*. at 19.) Later, AS presented Daviston with a cashier's check in the amount

---

[2] The allegations are taken from Daviston's Complaint (ECF No. 1). The pleading consists of the Court's generic form complaint made available for use by *pro se* litigants, as well as attached handwritten pages and exhibits. The Court adopts the pagination assigned by the CM/ECF docketing system to the entire pleading.

2

of $5,000 to be placed in escrow. (*Id*.) After an over two-year delay, AS purchased the property using a different broker. (*Id*.) AS later hired an attorney who sent Daviston letters demanding return of the $25,000. (*Id*.) Hoffner secured a search warrant for Daviston's bank records and allegedly determined that, in period of August to October 2015 while the transaction was still pending, Daviston withdrew a total of $19,933.22 from the account into which the original $20,000 had been wired, leaving the account with a negative balance. (*Id*. at 20.) The cashier's check for the additional $5,000 toward the transaction, was never deposited. Rather, Hoffner determined that Daviston had cashed the check. (*Id*.)

A review of public records reveals that Daviston is awaiting trial in the Delaware County Court of Common Pleas on six counts of theft by deception and two counts of receiving stolen property. *See Commonwealth v. Daviston*, CP-23-CR-0000368-2021 (C.P. Delaware). The arresting officer listed on the docket is Defendant Hoffner and Defendant Schneider is listed as the Assistant District Attorney representing the Commonwealth. Daviston was arraigned on those charges on September 17, 2020. *Commonwealth v. Daviston*, MJ-32122-CR-0000293-2020 (M.C. Delaware) The charges remain pending.

## II.     STANDARD OF REVIEW

The Court grants Daviston leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v.*

*Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Daviston is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Removal of Daviston's Criminal Case

State court criminal matters are removable to federal court pursuant to 28 U.S.C. § 1443, which provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[3]

---

[3] The Supreme Court has directed that "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Daviston's allegations do not suggest that he falls into this category, and, therefore, § 1443(2) does not provide a basis for removal of this case.

*Id.* The procedures governing removal of criminal matters from state court are set forth in 28 U.S.C. § 1455. Section 1455 requires, *inter alia*, that a notice of removal be filed no later than 30 days after the arraignment in state court, that the notice of removal contain a short and plain statement of the grounds for removal, and that a copy of all process, pleadings and orders served upon the removing defendant be included with the notice of removal. 28 U.S.C. § 1455(a), (b)(1). Section 1455 further requires that "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The Supreme Court has determined that

> A removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . . Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations and quotation marks omitted). Under the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Id.*; *see also Pennsylvania v. Carroll*, 764 F. App'x 134, 135 (3d Cir. 2019) ("[r]emoval must be based upon a law providing for specific civil rights stated in terms of racial equality, such as the Civil Rights Act of 1964.") Thus, a claim by a removal petitioner that he or she "will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the

requirements of § 1443(a)." *Id.*  The second prong of the test "normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provisions, rather than a denial first made manifest at the trial of the case." *Id.*

So, "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966).  Instead, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts.  A state statute authorizing the denial affords an ample basis for such a prediction." *Id.*  However, it is generally to be expected that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings." *Johnson*, 421 U.S. at 219-20.

Daviston's attempt to remove his state criminal charges to this Court is defective.  First, it was not removed within 30 days of the date on which Daviston was arraigned in state court as required by § 1455.  Second, Daviston did not include a short and plain statement of the grounds for removal, and he did not file a copy of all process, pleadings and orders served upon him, as required by §§ 1455(a) and (b)(1). Moreover, Daviston's lone allegation that he has suffered a "civil rights violation" is insufficient to satisfy the requirements of § 1443(a)(1).  For these reasons, Daviston's criminal case will be remanded to the Delaware County Court of Common Pleas.

      **B.**    **Civil Rights Claims**

To the extent Daviston seeks money damages, the Court construes his pleading as raising claims for violation of his civil rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. Claim Against the Commonwealth

Daviston names the Commonwealth of Pennsylvania as a Defendant. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claim for money damages Daviston seeks to assert against the Commonwealth of Pennsylvania must be dismissed.

### 2. Claims Against ADA Schneider

Daviston also seeks to assert a claim against Delaware County Assistant District Attorney E. A. Schneider, presumably based on her actions taken as the prosecutor assigned to Daviston's criminal case. This claim must also be dismissed. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Since the only

7

apparent basis for naming Schneider as a Defendant is her actions in her role as the prosecutor in Daviston's criminal case, she is absolutely immune from any claim for money damages.

### 3. Claim Against Defendant Hoffner

Finally, Daviston asserts a claim for money damages against Defendant Hoffner. While not entirely clear, the claim presumably is a malicious prosecution claim based upon Hoffner's involvement in initiating Daviston's criminal charges. The malicious prosecution claim against Hoffner is not plausible.[4]

To allege a plausible Fourth Amendment malicious prosecution claim, a plaintiff must assert: "'(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). Daviston's criminal charges remain pending. Thus, they have not "ended in his favor." If the criminal proceeding ever does end in Daviston's favor, either by an acquittal or if a conviction is later overturned, his malicious prosecution claim against

---

[4] To the extent Daviston intended to raise any non-malicious prosecution Fourth Amendment claim based on his arrest or the investigation leading to his arrest, those claims are time-barred. Daviston was arrested no later than September 17, 2020, the date he was arraigned on the charges. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Daviston's § 1983 claims is two years. Daviston filed his pleading on January 17, 2023. Any claims other than the yet-to-accrue malicious prosecution claim that are related to the investigation and arrest are time-barred because those claims accrued more than two-years prior to the start of this case.

Defendant Hoffner would accrue at that time. *Curry*, 835 F.3d at 379 ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 489 (1994))). Accordingly, the unaccrued malicious prosecution claim against Hoffner is dismissed without prejudice.

## IV. CONCLUSION

Daviston's criminal case will be remanded to the Delaware County Court of Common Pleas. His civil claims against the Commonwealth of Pennsylvania and Assistant District Attorney E. A. Schneider will be dismissed with prejudice. His malicious prosecution claim against Defendant Hoffner will be dismissed without prejudice. Daviston may reassert that claim in a new civil action if his criminal case is finally resolved in his favor.

An appropriate Order follows.

                    **BY THE COURT:**

                    **/s/ Juan R. Sánchez**
                    **JUAN R. SÁNCHEZ, C.J.**